**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WESLEY NEWMAN, behalf of himself and others similarly situated, ) ) | Case: 1:26-cv-05110 |
| Plaintiff, ) ) | DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION |
| v. ) ) | COMPLAINT |
| ) | |
| A.B.C. PLUMBING, HEATING, ) | Hon. John F. Kness |
| COOLING & ELECTRIC, INC. ) ) | |
| Defendant. ) | |

**DEFENDANT A.B.C. PLUMBING, HEATING, COOLING & ELECTRIC, INC.'S**
**ANSWER TO THE COMPLAINT**

Defendant A.B.C. PLUMBING, HEATING, COOLING & ELECTRIC, INC. ("Defendant"), by and through its undersigned attorneys, hereby answers the Class Action Complaint ("Complaint") of Plaintiff Wesley Newman ("Plaintiff"). Defendant denies the allegations of the Complaint not expressly admitted below and incorporates certain headings from the Complaint for ease of reference only. To the extent any heading makes any assertion of fact, the same is denied.

1.      The allegations in Paragraph 1 of the Complaint cites a portion of a judicial opinion that is incomplete and otherwise speaks for itself. To the extent a response is deemed required, and Plaintiff's selective quotation is inaccurate or contradicted elsewhere, Defendant denies any characterization of the cited authority and remaining allegations contained in Paragraph 1.

2.      The allegations in Paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 2.

1

3.      The allegations in Paragraph 3 of the Complaint consist of Plaintiff's characterizations and to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 3.

4.      The allegations in Paragraph 4 of the Complaint cites portions of a judicial opinion that is incomplete and otherwise speaks for itself. To the extent a response is deemed required, and Plaintiff's selective quotation is inaccurate or contradicted elsewhere, Defendant denies any characterization of the cited authority and any remaining allegations contained in Paragraph 4.

5.      In response to the allegations in Paragraph 5, Defendant only admits Plaintiff has filed this class action against Defendant. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.      In response to the allegations in Paragraph 6, Defendant only admits Plaintiff has filed this class action against Defendant. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

## PARTIES

8.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies the same.

9.      Defendant admits allegations in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.      The allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     The allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 12 of the Complaint.

## BACKGROUND

The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

13.     The allegations in Paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     The allegations in Paragraph 14 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     The allegations in Paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 16 of the Complaint.

The TCPA Prohibits Prerecorded Calls to Cell Phones

17.     The allegations in Paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     The allegations in Paragraph 18 of the Complaint are  legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     The allegations in Paragraph 19 of the Complaint are  legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint are  legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     The allegations in Paragraph 21 of the Complaint are  legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 21 of the Complaint.

## FACTUAL ALLEGATIONS

22.      In response to allegations to Paragraph 22 of the Complaint,  Defendant only admits it is a home services company that provides installation, repair, maintenance, and emergency services for residential properties, and the "Advantage Club" is a preventive home maintenance membership. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint are  legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 24 of the Complaint regarding Plaintiff's alleged telephone number. Therefore, Defendant denies all of the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 25 of the Complaint regarding Plaintiff's alleged use of Plaintiff's alleged telephone number. Therefore, Defendant denies all of the allegations in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 26 of the Complaint regarding Plaintiff's alleged telephone number. Therefore, Defendant denies all of the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 27 of the Complaint regarding Plaintiff's alleged telephone number. Therefore, Defendant denies all of the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 28 of the Complaint regarding Plaintiff's alleged telephone number. Therefore, Defendant denies all of the allegations in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 29 of the Complain, therefore, Defendant denies all of the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant only admits that a call was made on February 5, 2026, to Plaintiff and the communications were directed to Plaintiff about services that were free to Plaintiff  as a

member of the Advantage Club. Defendant denies the remaining allegations in Paragraph 32 and any characterization thereof, except to the extent they constitute admissions against the interests of Plaintiff.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. The allegations in Paragraph 43 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies any allegations regarding solicitations and, therefore, denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies any characterization of the conduct as harassment and, therefore, denies all the allegations contained in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint

## CLASS ACTION ALLEGATIONS

52.      In response to Paragraph 52 of the Complaint, Defendant incorporates by reference all preceding responses and defenses set forth in this Answer as though fully stated herein.

53.     In response to the allegations in Paragraph 53 of the Complaint. Defendant only admits Plaintiff has filed this class action against Defendant. Defendant denies the remaining allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Defendant only admits that the Complaint seeks injunctive relief and money damages, but denies that Plaintiff is entitled to such relief, and denies the remaining allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     The allegations in Paragraph 61 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     The allegations in Paragraph 62 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations of Paragraph 64 of the Complaint including all subparts.

65.     Defendant denies the allegations in Paragraph 65 of the Compliant.

66.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 66 of the Complaint and therefore denies the same.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection ACT**
**(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

69.     In response to Paragraph 69 of the Complaint, Defendant incorporates by reference all preceding responses and defenses set forth in this Answer as though fully stated herein.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Defendant Denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant Denies the allegations in Paragraph 72 of the Complaint.

73.     Defendant Denies the allegations in Paragraph 73 of the Complaint.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class.**

74.     In response to Paragraph 74 of the Complaint Defendant incorporates by reference all preceding responses and defenses set forth in this Answer as though fully stated herein.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint.

77.     Defendant  Denies the Allegations in Paragraph 77 of the Complaint.

78.     Defendant  Denies the Allegations in Paragraph 78 of the Complaint.

## THIRD CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Registry Class

79.     In response to Paragraph 79 Defendant incorporates by reference all preceding responses and defenses set forth in this Answer as though fully stated herein.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that any of the relief or damages sought by Plaintiffs in their Prayer for Relief are allowed, just or proper.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff's Demand for Jury Trial are no factual allegations to be admitted or denied. Therefore, Defendant is not required to respond to Plaintiff's Demand for Jury Trial.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that by law is not otherwise imposed, Defendant asserts the following defenses and affirmative defenses:

### FIRST DEFENSE
### (Lack of Standing)

Plaintiff and Putative Class members claims are barred in whole or in part, individually

and collectively, because Plaintiff and Putative class members have not suffered any damages, and therefore do not have standing to pursue their claims.

## SECOND DEFENSE
### (Consent)

Plaintiff and Putative class members  provided prior express consent and/or prior express written consent, as applicable, to receive the alleged communications at issue, and Plaintiff's claims are barred or limited to the extent permitted by law

## THIRD  AFFIRMATIVE DEFENSE
### (Failure to Satisfy Class Certification Requirements)

Plaintiff fails to state, and cannot establish, a basis for class relief under Federal Rule of Civil Procedure 23. Among other things, Plaintiff cannot demonstrate that the requirements of Rule 23 are satisfied, including commonality, typicality, adequacy, predominance, and superiority.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Effective Revocation of Consent)

To the extent Plaintiff or Putative Class members allege revocation of consent, Plaintiff/ Putative Class did not effectively revoke consent in a manner required by applicable law, or any alleged revocation occurred after the communications at issue.

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith Compliance)

Defendant acted in good faith and maintained policies and procedures reasonably designed to comply with the Telephone Consumer Protection Act, 47 U.S.C. § 227.

## SIXTH AFFIRMATIVE DEFENSE
### (No Auto-Dialer)

Defendant does not use an "ATDS" as defined in 47 U.S.C. § 227 and *Facebook, Inc. v. Duguid*, 593 U.S. 395 (2021).

## SEVENTH AFFIRMATIVE DEFENSE
### (No Solicitation)

The claimed messages at issue are not "telephone solicitation(s)" under 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.21200(f)(15) and *Hulce v. Zipong Inc.*, 132 F.4th 493 (7th Cir 2025).

## EIGHT AFFIRMATIVE DEFENSE
### (No Purpose to Encourage the Purchase of Services)

Defendant did not initiate the alleged calls and messages for the purpose of encouraging, persuading, or urging Plaintiff to purchase or pay for Defendant's services. *See* 47 U.S.C. § 227(a)(4); *Hulce v. Zipongo Inc.*, 132 F.4th 493, 500 (7th Cir. 2025).

## NINTH AFFIRMATIVE DEFENSE
### (Established Business Relationship)

Plaintiff's claims are barred, in whole or in part, because the communications at issue were made pursuant to an established business relationship under 47 C.F.R. § 64.1200(f)(5).

## TENTH AFFIRMATIVE DEFENSE
### (Reasonable Practices and Procedures Safe Harbor)

Plaintiff's claims are barred, in whole or in part, because Defendant maintained and implemented reasonable practices and procedures as recognized by 47 U.S.C. § 227(c)(5).

## **DEMAND FOR JURY TRIAL**

Defendant also states its demand here for trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by their Class Action Complaint;

2. That the Complaint be dismissed;

3. That judgment be entered in favor of Defendant;

4. For attorneys' fees and costs incurred; and

5.       For such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: July 31, 2026                         Respectfully submitted,

By:  */s/ David A. Yudelson*
David A. Yudelson (#23257)
**CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP**
2029 Century Park East
Suite 1100
Los Angeles, California 90067
Telephone: (310) 256-3074
dyudelson@constangy.com

Laura Balson (#6291377)
**CONSTANGY, BROOKS, SMITH, & PROPHETE, LLP**
20 North Wacker
Suite 4120
Chicago, Illinois 60606
Telephone: (773) 661-4708
lbalson@constangy.com

*Attorneys for Defendant A.B.C. Plumbing, Heating, Cooling & Electric, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2026, I filed ***Defendant's Answer to Plaintiff's Class Action Complaint*** with the CM/ECF system, which will forward a copy to the following counsel of record:

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff*

*/s/ David A. Yudelson*
David A. Yudelson

13