## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WESLEY NEWMAN, on behalf of himself and others similarly situated, | : : : | Case: 1:26-cv-05110 |
| Plaintiff, | : | |
| v. | : : : | |
| A.B.C. PLUMBING, HEATING, COOLING & ELECTRIC, INC. | : : : | |
| Defendant. | : : : : : | |

## [INITIAL] STATUS REPORT UNDER RULE 26(f)

The parties submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

## I.   **Nature of the Case**

A.   Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

Plaintiff.
Anthony I. Paronich
PARONICH LAW, P.C
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018

Defendant
David A. Yudelson
Constangy Brooks Smith & Prophete
2029 Century Park East, Suite 1100
Los Angeles, CA 90067

T: 310-256-3074
F: 424-465-6630

Laura Balson
Constangy Brooks Smith & Prophete LLP
20 North Wacker, Suite 4120
Chicago, IL 60606
T: 773-661-4708

B.     State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different from residence—the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things: first, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business; second, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of every partner or member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

C.     Provide a short overview of the case. (Please be brief.)

Plaintiff alleges that Defendant A.B.C. Plumbing, Heating, Cooling & Electric, Inc. made unsolicited telemarketing calls to Plaintiff's residential cellular telephone number, which had been listed on the National Do Not Call Registry for more than 31 days, including multiple calls utilizing an artificial or prerecorded voice. Plaintiff also alleges that Defendant continued to place telemarketing calls after Plaintiff requested that the calls stop. Plaintiff seeks to represent the following proposed classes:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Defendant, or a third party acting on Defendant's behalf, placed a call using an artificial or prerecorded voice (3) within the four years preceding the filing of the Complaint.

2

**National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were listed on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation from Defendant or a third party acting on Defendant's behalf; (3) within a twelve-month period; and (4) within the four years preceding the filing of the Complaint.

**Internal Do Not Call Class:** All persons within the United States: (1) to whom Defendant, or a third party acting on Defendant's behalf, placed two or more telemarketing calls within a twelve-month period; (2) after the person had requested that the calls stop; and (3) within the four years preceding the filing of the Complaint.

Defendant denies the allegations of the Complaint and will be asserting defenses in a forthcoming Answer, which are tied to the legal issues outlined below in (D).

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act by placing telemarketing calls using an artificial or prerecorded voice without consent, by placing multiple telemarketing calls to telephone numbers listed on the National Do Not Call Registry, and by continuing to place telemarketing calls after recipients requested that the calls stop.

E. What are the principal factual issues? (Please be brief.)

- Whether Defendant or persons acting on its behalf placed the alleged telemarketing calls.
- Whether the calls utilized an artificial or prerecorded voice.
- Whether Plaintiff and putative class members provided prior express written consent.
- Whether Defendant's conduct was knowing or willful.

F. What are the principal legal issues? (Please be brief.)

- Whether or not Defendant violated 47 U.S.C. § 227(b);
- Whether or not Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c);
- Whether or not Defendant violated 47 C.F.R. § 64.1200(d); and
- Whether or not the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3);
- Whether Defendant has one or more successful defenses under 47 U.S.C. §§ 227; 47 C.F.R. § 64.21200(f)(15and the decisions in *Facebook, Inc. v. Duguid*, 593 U.S. 395 (2021) and *Hulce v. Zipong Inc.*, 132 F.4th 493 (7th Cir 2025).

3

G.  What relief is the plaintiff(s) seeking (money damages, injunctive relief, etc.)?

Plaintiff seeks statutory damages of $500 per violation, treble damages of up to $1,500 per knowing or willful violation, certification of the proposed classes, and injunctive relief prohibiting Defendant from continuing the alleged unlawful telemarketing practices.

Defendant denies that any damages have been incurred or otherwise barred from recovery.

H.  Have all the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

The Defendant has been served.

## II.  Case Scheduling and Discovery

A.  Propose a discovery schedule. Include the following deadlines: (1) any amendment to the pleadings to add new claims, or new parties; (2) service of process on any "John Doe" defendants; (3) the completion of fact discovery; (4) the disclosure of plaintiff's expert report(s); (5) the deposition of plaintiff's expert; (6) the disclosure of defendant's expert(s); (7) the deposition of defendant's expert; and (8) dispositive motions. **Fill in the blanks below.** Also, submit a Word version of the proposed scheduling order to Judge Kness's proposed order inbox:

Proposed_Order_Kness@ilnd.uscourts.gov.

The template is available on the Court's webpage.

The parties are reminded that, under Rule 16(b) of the *Federal Rules of Civil Procedure*, the Court is required to issue a scheduling order that includes "the time to join other parties, amend the pleadings, complete discovery, and file motions." **If the parties are unable to agree on proposed dates to govern the remainder of the case, or to present their competing proposals, the Court will set those dates as required by Rule 16 without input from the parties.** *See* **Fed. R. Civ. P. 16(b)(1).**

The parties are also reminded that the pendency of a dispositive motion, such as a motion to dismiss, **does not** automatically cause discovery to be stayed.

| Event | Deadline |
|---|---|
| Motions to Amend the Pleadings | November 30, 2026 |
| Service of process on any "John Does" | November 30, 2026 |
| Completion of Fact Discovery | March 29, 2027 |
| Disclosure of Plaintiff's Expert Report(s) | April 28, 2027 |
| Deposition of Plaintiff's Expert | May 12, 2027 |
| Disclosure of Defendant's Expert Report(s) | June 11, 2027 |
| Deposition of Defendant's Expert | June 25, 2027 |
| Dispositive Motions and Motion for Class Certification | July 26, 2027 |

B.  How many depositions do the parties expect to take?

Plaintiff: 5

Defendant: 5 or more, depending on experts and issues.

C.  Do the parties foresee any special issues during discovery?

None.

D.  Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan, including all of the topics required by Rule 26(f)(3)? If so, do the parties propose anything?

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties state:

- No changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), which will be made on or before August 21, 2026;
- The subjects on which discovery may be needed are identified in Sections E and F, supra, and discovery need not be conducted in phases or be limited to or focused on particular issues;

- The parties have not identified any unusual issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced and will propose an ESI protocol;
- Any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and ask the Court to include their agreement to abide by the Federal Rule of Evidence 502 in the Court's Order;
- No changes be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and
- No other orders need to be issued under Rule 26(c) or under Rule 16(b) and (c) at this time.

**III.** **<u>Trial</u>**

A.    Have any of the parties demanded a jury trial?

Yes.

B.    Estimate the length of trial.

Plaintiff's Estimate: 5 days if a class is certified.

Defendant's Position: It is too soon to tell how much time will be required, due to the issues.

**V.** **<u>Settlement, Referrals, and Consent</u>**

A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

The parties had some pre-suit settlement discussions that were not successful.

B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

The parties believe some amount of discovery is needed before revisiting this issue and are working together on this issue.

C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The parties have not unanimously consented.

## IV.  **Other**

A.  Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

No.

B.  Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

No.

Dated: August 7, 2026

/s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

Dated: August 7, 2026

*/s/ David A. Yudelson*
David A. Yudelson
Constangy, Brooks, Smith & Prophete LLP
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
(T): (310) 256-3074
dyudelson@constangy.com

Laura Balson
Constangy, Brooks, Smith & Prophete LLP
20 North Wacker, Suite 4120
Chicago, IL 60606
(T): (773) 661-4708
lbalson@constangy.com

7